**Dated: February 1, 2021**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMIE MICHELLE EASLY, | ) | Case No. 20-10360-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SUSAN MANCHESTER, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 20-01071-SAH |
| | ) | |
| JAMIE MICHELLE EASLY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S ADVERSARIAL CAUSE OF ACTION AGAINST JAMIE MICHELLE EASLY FOR TURNOVER OF TAX REFUNDS, FOR AN ORDER DENYING THE DEBTOR'S DISCHARGE HEREIN FOR CONVERSION OF ESTATE PROPERTY AND FOR FAILURE TO OBEY A COURT ORDER AND FOR JUDGMENT AGAINST JAMIE MICHELLE EASLY WITH NOTICE FOR <u>OPPORTUNITY FOR HEARING WITH BRIEF IN SUPPORT [DOC. 11]</u>**

The following are before the Court for consideration:

1.  Complaint to Deny the Discharge of the Debtor and for Turnover of Property of the Estate [Doc. 1] (the "Complaint"), filed by plaintiff Susan Manchester, Trustee ("Trustee") on October 15, 2020;

2.  Answer [Doc. 5] (the "Answer"), filed by the debtor and defendant Jamie Michelle Easly ("Debtor") on November 9, 2020;

3.  Amendment to Answer [Doc. 9] (the "Amendment"), filed by Debtor on November 23, 2020; and

4.  Trustee's Motion for Summary Judgment on Trustee's Adversarial Cause of Action Against Jamie Michelle Easly for Turnover of Tax Refunds, for an Order Denying the Debtor's Discharge Herein for Conversion of Estate Property and for Failure to Obey a Court Order and for Judgment Against Jamie Michelle Easly with Notice for Opportunity for Hearing with Brief in Support [Doc. 11] (the "Motion"), filed by Trustee on November 25, 2020.

## BACKGROUND

Debtor filed her chapter 7 voluntary petition on February 3, 2020. In June 2020, Trustee filed a motion for turnover of estate property, specifically Debtors 2019 tax refund. The Court granted Trustee's motion and ordered Debtor to turn over the tax refund to Trustee. Debtor, however, did not turn over the refund. Consequently, on October 15, 2020, Trustee filed this adversary proceeding pursuant to 11 U.S.C. §§ 542 and 727(a)(2) and (6)(a),[1] seeking to deny Debtor's discharge, require turnover of the tax refund,[2] and obtain a judgment against Debtor for said funds. Trustee now seeks summary judgment, arguing there are no disputed material facts, and she is entitled to judgment on her complaint as a matter of law.

---

[1] Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

[2] The claim for turnover is duplicative of the relief granted in the Turnover Order (defined below). Additionally, since Debtor is not in possession of the tax refund, having spent it, Trustee is entitled to recovery of a money judgment for the value of the tax refund. Newman v. Schwartz (In re Newman), 487 B.R. 193, 202 (9th Cir. BAP 2013). Entry of money judgment effectively moots Trustee's claim for turnover.

**JURISDICTION**

The Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(J). Additionally, the parties consented to this Court's entry of final orders pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012. [Doc. 1, ¶ 4 and Doc. 9].

**UNDISPUTED MATERIAL FACTS**

Debtor failed to respond to the Motion; therefore, the Court deems admitted all properly supported[3] material facts in the Motion for purposes of ruling on the Motion. Local Rule 7056-1.C.[4]; Hagelin for President Comm. of Kansas v. Graves, 25 F.3d 956, 959 (10th Cir. 1994) ("Because the state failed to submit any materials contradicting plaintiffs' statement of facts in support of their motion for summary judgment, these facts are deemed admitted").

---

[3]The uncontroverted facts put forth by Trustee include statements that were neither included in the Complaint (and thus not admitted by Debtor) nor supported by any attached documentation. Particularly significant is ¶ 5 which states Debtor had filed her 2019 tax returns prior to filing the Petition, was aware she was owed over $8,000.00 in tax refunds, and received her refund two days after filing her Petition. Surprisingly, though this allegation was neither stated in the Complaint nor admitted by Debtor, Trustee did not attach supporting documentation or address it in her affidavit. Consequently, these facts are not properly supported and cannot be considered. Chiappetta v. Thomas (In re Thomas), 2020 WL 6066133, at *1 (Bankr. N.D. Fla. Feb. 3, 2020) (quoting Tesco Corp. v. Weatherford Intern., Inc., 904 F.Supp.2d 622, 626 (S.D. Tex. 2012)) ("'Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence.'"). For the same reason, Debtor's unverified, additional fact allegations contained in the Answer also cannot be considered.

[4]Local Rule 7056-1.C. provides, in pertinent part: "All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material."

3

1. Debtor filed her chapter 7 voluntary petition on February 3, 2020 (the "Petition Date"). Case No. 20-10360-SAH (the "Bankruptcy Case"), Doc. 1.[5]

2. Trustee was appointed as the duly qualified and acting chapter 7 trustee in the Bankruptcy Case. Bankruptcy Case, Doc. 6.

3. On Debtor's Schedule A/B, Debtor scheduled $750.00 as the amount owed to her for her federal tax refund. Bankruptcy Case, Doc. 1.

4. Debtor acquired her 2019 tax refund (the "Tax Refund") after the Petition Date. Complaint ¶ 5, Admitted in Debtor's Answer.

5. Debtor spent the non-exempt portion of the Tax Refund. Admitted in Debtor's Answer; Motion, Uncontroverted Facts ¶ 8.

6. Debtor was informed at the 341 meeting of creditors that she was required to turn over her Tax Refund. Complaint ¶ 14, Admitted in Debtor's Answer; Motion, Uncontroverted Facts ¶ 8.

7. On June 24, 2020, Trustee filed a motion for turnover of the Tax Refund as property of Debtor's bankruptcy estate (the "Turnover Motion"). Bankruptcy Case, Doc. 27. Debtor did not file any response to, or otherwise contest, the Turnover Motion. See Bankruptcy Case Docket generally.

---

[5]It is well established that a court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases. Hutchinson v. Hahn, 402 F. App'x 391, 394-95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla. 2017).

8. The Court granted the Turnover Motion and entered the Order on Trustee's Motion for Turnover on July 9, 2020, which ordered Debtor to turn over the Tax Refund to Trustee (the "Turnover Order"). Bankruptcy Case, Doc. 28.

9. Debtor did not turn over the Tax Refund to the Trustee. Complaint ¶ 14, Admitted in Debtor's Answer; Motion, Uncontroverted Facts ¶ 8.

10. Accordingly, on October 15, 2020, Trustee filed the Complaint, commencing this adversary proceeding seeking to deny Debtor's discharge pursuant to Sections 542 and 727(a)(2) and (6)(A) and to obtain a judgment against Debtor for the Tax Refund. [Doc. 1].

11. Debtor filed her Answer on November 9, 2020, and filed the Amendment on November 23, 2020, to add her consent pursuant to Federal Rule of Bankruptcy Procedure 7012. [Docs. 5, 9].

## APPLICABLE STATUTORY PROVISIONS

Section 542 provides in pertinent part:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
>
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has

>> transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–
>
>> > (B) property of the estate, after the date of the filing of the petition;
>
>> (6) the debtor has refused, in the case–
>
>> > (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

. . .

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if all of the pleadings, depositions, discovery responses, together with any affidavits, show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7056); Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003); Bank of Cushing v. Vaughan (In re Vaughan), 342 B.R. 385, 2006 WL 751388, at *2 (10th Cir. BAP March 22, 2006) (first citing prior Fed. R. Civ. P. 56(c); then citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); and then citing Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993)). The moving party "bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2002). "If the movant has the burden of proof on the claim at issue, 'the movant must establish every element of its claim or defense by sufficient, competent evidence to set forth a prima facie case.'" Reynolds v. Haskins (In re Git-N-Go, Inc.), 2007 WL 2816215, at *2 (Bankr. N.D. Okla. Sept. 25, 2007) (quoting In re Ribozyme Pharm., Inc., Sec.

6

Litig., 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)).  Competent summary judgment evidence does not include "'[c]onclusory statements and testimony based merely on conjecture or subjective belief.'"  Git-N-Go, 2007 WL 2816215, at *2 (quoting Rexrode v. Allstate Indem. Co., No. 06-CV-00887, 2007 WL 2288190, at *1 (D. Colo. Aug. 9, 2007) (citing Rice v. United States, 166 F.3d 1088, 1092 (10th Cir.1999))).

"Summary judgment is not proper merely because [the non-moving party] failed to file a response.  Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law."  Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  However, "[b]ecause a failure to respond means the facts are considered undisputed, '[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.'"  Wilson v. Village of Los Lunas, 572 F. App'x 635, 640 (10th Cir. 2014) (quoting Reed, 312 F.3d. at 1195).

"A fact is 'material' if under the substantive law it could have an effect on the outcome of the lawsuit."  Adams v. Am. Guarantee and Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)).  "A dispute over a material fact is 'genuine' if a rational [fact finder] could find in favor of the nonmoving party on the evidence presented."  Horizon/CMS Healthcare Corp., 220 F.3d at 1190 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  The evidence presented must, in turn, be considered in

the light most favorable to the party opposing summary judgment. Vaughan, 2006 WL 751388, at *2 (citing Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)).

## **LEGAL CONCLUSIONS**

Denying a debtor's discharge is an extreme remedy "reserved for a truly pernicious debtor" and should not be taken lightly. Los Alamos Nat'l Bank v. Lamey (In re Lamey), 574 B.R. 240, 247 (Bankr. D. N.M. 2017) (quoting Sierra Chemicals, LLC v. Mosley (In re Mosley), 501 B.R. 736, 742 (Bankr. D. N.M. 2013)). When determining whether to deny a debtor his discharge, a court must construe the Bankruptcy Code "liberally in favor of the debtor and strictly against the creditor." Mathai v. Warren (In re Warren), 512 F.3d 1241, 1248 (10th Cir. 2008) (quoting Gullickson v. Brown (In re Brown), 108 F.3d 1290, 1292 (10th Cir. 1997)). "However, a fresh start via bankruptcy discharge is a privilege, not a right" and only the "honest but unfortunate debtor" is entitled to the fresh start provided by the discharge. Grassman v. Brown (In re Brown), 570 B.R. 98, 109 (Bankr. W.D. Okla. 2017); accord Lamey, 574 B.R. 247 (citing Grogan v. Garner, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). "The Bankruptcy Code denies a debtor a discharge in its entirety when that debtor is guilty of sufficiently bad conduct. The 'expectation is that, to be entitled to discharge, the debtor must deal fairly with creditors and with the court. This obligation is imposed indirectly through a series of objections to discharge set out in Code § 727(a).'" Manchester v. Sharpton (In re Sharpton), No. 17-15219-SAH, 2020 WL 373097, at *9 (Bankr. W.D. Okla. Jan. 17, 2020) (quoting Wieland v. Gordon (In re Gordon), 526 B.R. 376, 387-88 (10th Cir. BAP 2015) (citing 4 Norton Bankr. L. & Prac. 3d § 86:3 (2014))).

8

The party seeking a denial of discharge has the burden of proving each element of its claim by a preponderance of the evidence. The Cadle Co. v. Stewart (In re Stewart), 263 B.R. 608, 611-12 (10th Cir. BAP 2001), aff'd, 35 F. App''x 811 (10th Cir. 2002) (citing Brown, 108 at 1293).

I. **ISSUES OF MATERIAL FACT PRECLUDE ENTRY OF SUMMARY JUDGMENT ON TRUSTEE'S CLAIM UNDER SECTION 727(a)(2)(B).**

Section 727(a)(2)(B)[6] provides for denial of discharge when a debtor transfers or conceals property of the estate after filing bankruptcy "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property." Hepner v. Kleinhans (In re Kleinhans), No. CO-09-028, 2010 WL 1050583, at *3 (10th Cir. BAP Mar. 23, 2010) (citing 11 U.S.C. § 727(a)(2)(B)). A transfer under this section is defined broadly as "a disposition of an interest in property." Lamey, 574 B.R. at 247. Spending a tax refund post-petition is a transfer under Section 727(a)(2)(B). Lamey, 574 B.R. at 248.

Concealment "simply means withholding knowledge of an asset by the failure or refusal to divulge owed information." Hunter v. Sowers (In re Sowers), 229 B.R. 151, 156 (Bankr. N.D. Ohio 1998) (first citing First Federated Life Ins. Co. v. Martin (In re Martin), 698 F.2d 883 (7th Cir.1983); and then citing 6 Collier on Bankruptcy § 727.02[6][b] (15th ed.1998)). "Omitting information in a debtor's bankruptcy schedules may also constitute post-petition concealment for purposes of § 727(a)(2)(B)." Lamey, 574 B.R. at 248 (citing Cobb v. Hadley (In re Hadley), 70 B.R. 51, 53 (Bankr. D. Kan. 1987)).

---

[6]Trustee does not specify under which subsection she is seeking denial of discharge; however, the Complaint and Motion refer to property transferred *subsequent* to the filing of the Petition. Therefore, only Section 727(a)(2)(B) is applicable. See Complaint ¶ 10; Motion p. 10.

9

To succeed on a Section 727(a)(2)(B) claim, whether a transfer or concealment, a plaintiff must establish the debtor acted with the "actual intent to hinder, delay or defraud; a showing of constructive intent is insufficient." Pisculli v. T.S. Haulers, Inc. (In re Pisculli), 426 B.R. 52, 66 (E.D. N.Y. 2010), aff'd, 408 F. App'x 477 (2d Cir. 2011) (first citing Adams v. Bostick (In re Bostick), 400 B.R. 348, 356 (Bankr. D. Conn. 2009); and then citing U.S. Tr. v. Standiferd (In re Standiferd), No. 7-00-16958 MA, 2008 WL 5273690, at *8 (Bankr. D. N.M. Dec. 17, 2008), subsequently aff'd sub nom. Standiferd v. U.S. Tr., 641 F.3d 1209 (10th Cir. 2011)). Actual intent "may be established by circumstantial evidence, or by inferences drawn from a course of conduct." Warren, 512 F.3d at 1249 (quoting Farmers Coop. Ass'n of Talmage, Kan. v. Strunk, 671 F.2d 391, 395 (10th Cir.1982)). "Just one wrongful act may be sufficient to show actual intent under § 727(a)(2), [but] a continuing pattern of wrongful behavior is a stronger indication of actual intent." Lamey, 574 B.R. at 248 (quoting Sowers, 229 B.R. at 157).

Courts have inferred fraudulent intent under Section 727(a)(2) where the debtor: "conceals prebankruptcy conversions, converts assets immediately before the filing of the bankruptcy petition, gratuitously transfers property, continues to use transferred property, and transfers property to family members. Courts also consider the monetary value of the assets converted in determining whether the debtor acted with fraudulent intent." Stewart, 263 B.R. at 611 (citing Marine Midland Bus. Loans v. Carey (In re Carey), 938 F.2d 1073, 1077 (10th Cir. 1991). Though these examples are instructive, each case is "peculiarly fact specific, and the activity in each situation must be viewed individually." Carey, 938 F.2d at 1077.

A.    **Fraudulent Concealment.**

The uncontroverted facts do not establish Debtor concealed funds with the intent to hinder, delay, or defraud her creditors. While omitting information from one's bankruptcy schedules qualifies as concealment, Debtor did not omit the Tax Refund from her Schedules. Rather, Debtor scheduled the Tax Refund, although for a significantly lower amount than its actual value. But it is unclear when Debtor filed her taxes or when she received the refund, so the Court cannot ascertain whether Debtor accurately knew the amount of the Tax Refund at the time she completed her schedules. Without this information the Court can, at most, conclude Debtor failed to amend her schedules to reflect the proper amount before the 341 meeting, at which point Debtor was informed she needed to turn over her Tax Refund.

This sequence of events does not indicate Debtor intentionally concealed assets to prevent her creditors or Trustee from reaching her Tax Refund.

B.    **Fraudulent Transfer.**

As to this claim, Debtor admits she received the Tax Refund and spent the non-exempt portion post-petition. The only matter in dispute, therefore, is whether Debtor had the requisite intent when she transferred (i.e. spent) the non-exempt portion of the Tax Refund. Trustee's uncontroverted facts demonstrate Debtor spent the Tax Refund "in error" *before* she was told at the 341 meeting she was required to turn over the non-exempt portion to Trustee. To conclude Debtor mistakenly spent the Tax Refund in error while simultaneously possessing the requisite intent to "hinder, delay, or defraud" her creditors is paradoxical. Debtor either spent the Tax Refund knowing her creditors were entitled to the proceeds (intentionally) or she spent it believing she was entitled to the entire amount (in error). Trustee acknowledges the latter is true.

Debtor cannot, therefore, have intentionally transferred the Tax Refund for the purpose of hindering, delaying, or defrauding her creditors or Trustee.

Accordingly, the Motion is denied as to Trustee's claim under Section 727(a)(2).

## II.  THE UNDISPUTED MATERIAL FACTS MANDATE ENTRY OF SUMMARY JUDGMENT ON TRUSTEE'S CLAIM UNDER SECTION 727(a)(6).

Trustee also seeks relief under Section 727(a)(6)(A) which provides for denial of a discharge where the debtor refuses to obey a lawful order of the court issued in a bankruptcy case. Adar 980 Realty LLC v. Sofer (In re Sofer), 519 B.R. 28, 34-35 (Bankr. E.D. N.Y. 2014). Section 727(a)(6) requires a plaintiff to establish that (i) the Court issued an order and (ii) the debtor refused to obey such order. Sofer, 519 B.R. at 35 (citing Hirsch v. Hirsch (In re Hirsch), 2009 WL 3297278, at *6 (Bankr. E.D. N.Y. Oct. 13, 2009)). "[A] debtor's refusal to comply with a properly granted order for turnover provides a basis for the denial or revocation of discharge" under Section 727(a)(6) and (d)(3). Hill v. Muniz (In re Muniz), 320 B.R. 697, 700 (Bankr. D. Colo. 2005).

However,

> Refusal to obey under 11 U.S.C. § 727(a)(6) requires "more than a mere failure to obey a lawful court order." Green, 335 B.R. at 184. Some degree of willfulness or volition on the part of the debtor not to obey the order must be present. *Id.* For this reason, inability to comply with the terms of an order can negate a claim under 11 U.S.C. § 727(a)(6). See Morris v. Wright (In re Wright), 371 B.R. 472, 480 (Bankr. D. Kan. 2007) ("A debtor's inability to comply with the order, inadvertence, mistake, or impossibility will ordinarily be insufficient to revoke a debtor's discharge."). The party seeking a denial of discharge under 11 U.S.C. § 727(a)(6) must first demonstrate that the debtor received the order and failed to comply with its terms. Jordan, 521 F.3d at 433 (citations omitted). The debtor must then explain his or her reason for noncompliance. *Id.*

12

Bustos v. Muller (In re Muller), 2016 WL 3034754, at *8-9 (Bankr. D. N.M. 2016) (quoting Standiferd, 2008 WL 5273690 at *9). Refusal to obey a court order within the confines of Section 727(a)(6) requires the debtor's non-compliance to have been willful and with the intent to disobey the order. Lee v. Peeples (In re Peeples), 579 B.R. 254, 281 (Bankr. D. Utah 2017), aff'd, 2018 WL 3424680 (10th Cir. BAP July 16, 2018), aff'd, 2019 WL 3778361 (10th Cir. Aug. 12, 2019). A technical violation of a court order is insufficient under Section 727(a)(6). Sofer, 519 B.R. at 35 (citing Shaefer v. Demar (In re Demar), 373 B.R. 232, 240 (Bankr. E.D. N.Y. 2007)). Accordingly, an objection to discharge under Section 727(a)(6) will be denied where a "debtor's failure to comply with a court order results from an inability to comply, inadvertence, or mistake, rather than a willful, intentional disobedience or dereliction." Davis v. Osborne (In re Osborne), 2012 WL 1605468, at *2 (Bankr. D. Kan. May 8, 2012).

Although disobedience to an order must be intentional or willful, *the lack of intent or willfulness is raised by defense*. Rupp v. Wood (In re Wood), 2010 WL 5415833, at *3 (Bankr. D. Utah 2010) (emphasis added) (citations omitted). Once a plaintiff has shown the debtor violated a known court order, the burden shifts to the debtor to either justify the violation or prove the violation did not in fact occur. Standiferd v. U.S. Tr. (In re Standiferd), 641 F.3d 1209, 1212 (10th Cir. 2011) (citing Smith v. Jordan (In re Jordan), 521 F.3d 430, 433 (4th Cir. 2008)). Although the burden shifts to the debtor to explain noncompliance, the ultimate burden of persuasion remains on the plaintiff. Pereira v. Gardner (In re Gardner), 384 B.R. 654, 663 (Bankr. S.D. N.Y. 2008).

With respect to Trustee's Section 727(a)(6) claim, the following facts have been established: (i) Debtor scheduled the Tax Refund on her schedules as $750.00; (ii) Debtor

13

acquired the Tax Refund after the bankruptcy case was filed; (iii) Debtor spent the non-exempt portion of the Tax Refund in error; (iv) Debtor was ordered, pursuant to the Turnover Order, to turnover the Tax Refund to Trustee; and (v) Debtor failed to turnover the Tax Refund to Trustee. Trustee has established by a preponderance of the evidence that Debtor violated a known Court order, i.e. the Turnover Order. Moreover, Debtor did not respond or object to the Motion and, consequently, failed to raise any defense for her violation of the Turnover Order.

These undisputed facts entitle Trustee to summary judgment on her Section 727(a)(6) claim.

### III. TRUSTEE IS SUMMARILY ENTITLED TO A MONEY JUDGMENT.

There is no dispute that: (i) Debtor was ordered, pursuant to the Turnover Order, to turnover the Tax Refund to Trustee; and (ii) Debtor failed to turnover the Tax Refund to Trustee. Debtor did not appeal the Turnover Order and has not questioned the validity and binding nature of the Turnover Order. Debtor simply has not complied.

Where a debtor is not in possession of the property of the estate or its value ordered to be turned over to the trustee, "the trustee is entitled to recovery of a money judgment for the value of the property of the estate." Newman, 487 B.R. at 202 (citing Rynda v. Thompson (In re Rynda), 2012 WL 603657, at *3 (9th Cir. BAP Jan. 30, 2012)); King Louie Mining, LLC v. Comu (In re Comu), 2014 WL 3339593, at *52 (Bankr. N.D. Tex. 2014). A money judgment for the value of the estate property is the appropriate remedy for a trustee when a debtor is not in possession of estate property ordered to be turned over. Muniz, 320 B.R. at 700 n.2.

Accordingly, Trustee is entitled to money judgment in the amount of the Turnover Order, $4,821.00, together with the costs of this adversary proceeding in the amount of $350.00.

14

## **CONCLUSION**

For the reasons set forth above, the Motion is DENIED as to Trustee's Section 727(a)(2) claim and GRANTED with respect to Trustee's Section 727(a)(6) claim and her request for a money judgment in the amount of $4,821.00, together with the costs of this action in the amount of $350.00. The scheduling conference set for February 22, 2021, is stricken, and a separate judgment will be entered.

IT IS SO ORDERED.

# # #